UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Allstate Insurance Company, et al.,

        Plaintiffs,

v.

Utica Physical Therapy Inc., et al.,

        Defendants.

_____/

Case No. 17-cv-13823

Judith E. Levy
United States District Judge

Mag. Judge R. Steven Whalen

**OPINION AND ORDER DENYING DEFENDANTS' STEFAN GLOWACKI, M.D., AND STEFAN GLOWACKI, M.D., P.C. MOTION TO DISMISS FOR IMPROPER SERVICE [43]**

This case comes before the Court on defendants' Stefan Glowacki, M.D. and Stefan Glowacki, M.D., P.C. ("Glowacki defendants") motion to dismiss for lack of proper service.[1] (Dkt. 43.) Finding the facts and legal arguments sufficiently presented in the parties' briefs and accompanying

---

[1] Defendants' motion states simply that they are moving for relief under Fed. R. Civ. P. 12(b). Plaintiffs' response argues against dismissal under both Fed. R. Civ. P. 12(b)(2) – lack of personal jurisdiction – and 12(b)(5) – improper service of process. In their reply, defendants clarify that they are arguing that the court lacks personal jurisdiction only because plaintiffs did not properly serve them. (Dkt. 56 at 8.) Accordingly, the Court will not analyze personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

materials, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons set forth more fully below, defendants' motion to dismiss is DENIED.

## I. Background

Plaintiffs filed this case – a multi-claim action alleging multiple defendants engaged in a coordinated scheme to defraud plaintiffs through the submission of false documentation in support of insurance claims – on November 28, 2017. (Dkt. 1.) Plaintiffs began attempting service on the Glowacki defendants on November 30, 2017. (Dkt. 54 at 12.) Plaintiffs first identified an address in Grosse Pointe, Michigan – 16 Sycamore Lane, Grosse Pointe, Michigan 48230 – as Glowacki's address. (*Id.*, citing Dkt. 54-2 at 3.) Process server Shadow Investigations, Inc. attempted service three times at the Grosse Pointe address, but they were unsuccessful each time. (Dkt. 54-2 at 3.) The process server advised plaintiffs that it was possible that the Grosse Pointe residence was vacant because there was a lock box on the door. (*Id.*)

Plaintiffs conducted a public records search and identified an alternate address for Glowacki at 592 Craig Road, Manapalan, NJ 07726. (*Id.* at 4.) Plaintiffs retained Guaranteed Subpoena Service, Inc. to

2

attempt service on the Glowacki defendants at the New Jersey address. (*Id.*) Mr. Andrew Pawelek was the process server assigned to effect service on the Glowacki defendants. (Dkt. 54-3 at 3.)

According to Pawelek's affidavit, he unsuccessfully attempted service at 592 Craig Road on December 21, 2017 and December 22, 2017. (*Id.*) On December 23, 2017, Pawelek attempted service for the third time. (*Id.*) During this attempt, Ms. Dorotka Zielinski opened the door and spoke with Pawelek. (*Id.*) Pawelek concluded, based on Zielinski's accent, that she spoke Polish. (*Id.*) A Polish speaker himself, Pawelek affirms that he spoke with Zielinski in both English and Polish. (*Id.*) The parties offer conflicting accounts of the content of their conversation.

Pawelek asserts he asked Zielinski if Glowacki resided at the house, and she stated Glowacki stayed there but he was in Poland at the moment. (Dkt. 54-3 at 4.) Pawelek says he asked Zielinski if Glowacki was going to return to New Jersey, and she confirmed that he was. (*Id.* at 5.) Finally, Pawelek asserts that "Zielinski never said that Glowacki moved to Poland." (*Id.*) He confirms he "would have noted if Ms. Zielinski had said that Glowacki moved to Poland, because [he] would have known at that point that service would have been improper at this location." (*Id.*)

3

Conversely, in her affidavit, Zielinski states she "told [Pawelek] no, that Dr. Glowacki had moved in late September 2017 to Warsaw, Poland." (Dkt. 43-1 at 6.) It is undisputed that at the conclusion of the conversation, Pawelek left the summonses and complaints with Zielinski. (Dkt. 43-1 at 6; Dkt. 54-3 at 4.)

After taking the documents, Zielinski states she called Glowacki's former officer manager, Ms. Margaret Musialowski, who instructed Zielinski to "send her the box of papers, and she would deliver them to the proper persons." (Dkt. 43-1 at 6.) According to defendants' counsel, Zielinski sent the documents to Musialowski; Musialowski delivered the documents to attorney Lee Roy H. Temrowski, Jr.; and Temrowski delivered the documents as a referral to defendants' counsel.[2] (Dkt. 43 at 5.) Counsel received the documents in "late January 2018." (*Id.*)

On December 28, 2017, Pawelek signed a return of service for each defendant, confirming that he left the relevant documents "at the defendant's dwelling house or usual place of abode with a person of

---

[2] The Court notes that in his first correspondence with plaintiffs' counsel, defendants' counsel stated that he was provided the documents from "Margaret, Dr. Glowacki's former office manager." (Dkt. 43-1 at 9.) In a later email, defendants' counsel clarified that he was given the lawsuit by a "referring colleague" who had received them from the former office manager. (Dkt. 43-1 at 12.)

suitable age and discretion then residing therein." (Dkt. 43-1 at 19, 21.) The return of service indicated that the documents were left with Dorota Zielinski, Glowacki's neice. (*Id.*) Plaintiffs filed the certificates of summons returned executed for the Glowacki defendants on January 9, 2018. (Dkt. 15 and Dkt. 16.) Answers for each were due on January 16, 2018. (*Id.*)

On February 8, 2018, defendants' counsel[3] drafted a letter to plaintiffs' counsel, claiming that "following the death of his wife, Dr. Glowacki retired and moved from Michigan to a residence in Poland, not yet known to the undersigned." (Dkt. 43-1 at 9.) He asserted his belief that plaintiffs' service on Zielinski was ineffective given Glowacki's relocation to Poland. (*Id.*) The letter was postmarked February 12, 2018, (Dkt. 54-8 at 2) and plaintiffs' counsel's office stamped it received on February 15, 2018. (Dkt. 54-8 at 3.)

On February 12, 2018, plaintiffs requested a clerk's entry of default against six defendants in the case, including the Glowacki defendants.

---

[3] At the time the letter was drafted, defendants' counsel had not yet entered an appearance on behalf of the Glowacki defendants. He clarified as much in the correspondence, stating "[a]t this juncture, I have no authority to enter an appearance in this matter, nor accept service on behalf of [Glowacki defendants]." (Dkt. 43-1 at 10.) Counsel entered a special appearance, for the limited purpose of contesting jurisdiction, on February 28, 2018. (Dkt. 42.)

5

(Dkts. 19–24.) The clerk entered defaults for those six defendants the same day. (Dkts. 25–30.)

On February 15, 2018, plaintiffs' attorney, Ms. Jacquelyn McEttrick, sent an email to defendants' counsel, indicating that her office had just received his February 8, 2018 letter and informing him that plaintiffs had defaulted the Glowacki defendants on February 12, 2018. (Dkt. 54-7.) McEttrick stated that plaintiffs agreed "not to seek default judgment against [Glowacki defendants] for at least another week as we discuss this matter." She affirmed plaintiffs believed they had successfully served the Glowacki defendants, particularly in light of the Glowacki defendants' apparent notice of the complaint, as evidenced by defendants' counsel's communication regarding the complaint against them. (*Id.*)

On February 19, 2018, defendants' counsel sent an email response, confirming that he would be "happy to discuss this matter, once I speak to Dr. Glowacki."[4] (Dkt. 54-7 at 5.) He emphasized that he had not yet

---

[4] Somewhat inexplicably, defendants' counsel asserts it appeared "as if [plaintiffs] received [his] letter and promptly entered Dr. Glowacki's default." (Dkt. 54-7 at 5.) Given the letter was postmarked February 12, 2018, and McEttrick's February 15, 2018 email clearly stated it had been received by the firm earlier that same day, the Court notes this comment only to acknowledge its implausibility. Much of the subsequent email correspondence between McEttrick and defendants' counsel focuses

6

spoken to Glowacki, and that he was not yet representing him. (*Id.*) He also stated that it would "likely take [him] more than a week to contact Dr. Glowacki and prepare an Answer to the *extensive* Complaint [plaintiffs] filed against him." (*Id.* (emphasis in original).) A subsequent email on February 19, 2018 confirmed "I will be contacting Dr. Glowacki to obtain authority, and to prepare an Answer and other pleadings in this lawsuit, and I appreciate any forbearance in entering Default Judgment. I hope to enter an Appearance very soon, and to thereby automatically receive pleadings in the matter." (Dkt. 54-7 at 3.) Defendants' counsel also requested a copy of the Proof of Service on the Glowacki defendants, which McEttrick provided shortly thereafter. (*Id.* at 2–3.) On February 23, 2018, McEttrick sent a follow-up email, inquiring whether defendants' counsel would be entering an appearance and confirming that plaintiffs were "happy to stipulate to set aside the defaults and give [defendants] adequate time to answer the complaint." (Dkt. 54-7 at 2.) No subsequent email traffic is contained within the record.

---

on this accusation. The Court is satisfied that the defaults were entered prior to plaintiffs having any knowledge of defendants' counsel or his assertions that Glowacki had relocated to Poland.

7

On February 28, 2018, defendants' counsel entered a special appearance on behalf of the Glowacki defendants for the limited purpose of contesting the Court's jurisdiction. (Dkt. 42.) The same day, defendants filed the present motion to dismiss. (Dkt. 43.) Since that date, plaintiffs have requested clerk's entries of default for four additional defendants (Dkts. 45, 46, 47, 48), and moved for a default judgment against eight of the defendants against whom a clerk's entry of default has been entered (Dkts. 59 – 66.)

After learning of Dr. Glowacki's purported retirement and relocation to Poland, plaintiffs assert that they sent a copy of the summons and complaint to process server Shadow Investigations, Inc. to be served on defendant Glowacki, M.D., P.C. at the address on file with the Michigan Department of Licensing and Regulatory Affairs (LARA). (Dkt. 54-2 at 4; Dkt. 43-1 at 1.) The process server attempted service, but found the suite locked. (Dkt. 54-2 at 5.) According to plaintiffs, a person in a neighboring suite advised the process server that the office for Glowacki, M.D., P.C. had been vacated. Because the registered address was vacant, and in accordance with Mich. Ct. R. 2.105(D)(4), plaintiffs sent a copy of the summons and complaint, via registered mail, to

8

Glowacki, M.D., P.C. and the Michigan Corporation Division.[5] (Dkt. 54 at 23.)

Finally, on March 2, 2018 plaintiffs hired an additional independent process server to conduct a skiptrace on Glowacki. (Dkt. 54-2 at 5.) The skiptrace confirmed that, as of March 5, 2018, the Manalapan, New Jersey residence was the best mailing address for Glowacki. (Dkt. 54-2 at 9.)

## II. Legal Standard

"In the absence of service of process (or waiver of service by defendant) a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Fed. R. Civ. P. 4(e) governs the service of a summons and complaint in a federal civil suit. Under the federal rules, a party may effectuate service by doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

---

[5] Plaintiffs offer no evidence of this attempt to serve Glowacki, M.D., P.C.

Fed. R. Civ. P. 4(e)(2).

A defendant may challenge the sufficiency of service of process through a motion filed pursuant to Fed. R. Civ. P. 12(b)(5). Once a defendant challenges the sufficiency of service, the plaintiff bears the burden of establishing it was proper. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991) (citing *Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir. 1985)).

Actual notice of a pending action does not cure a technically defective service of process. *Friedman*, 929 F.2d at 1156. However, the rules governing service "should be construed liberally, to effectuate service where actual notice of suit has been received by the defendant." *Rovinski v. Rowe*, 131 F.2d 687, 689 (6th Cir. 1942).

### III. Analysis

As a preliminary matter, defendants failed, as required by Local Rule 7.1(a)(1), to seek concurrence with plaintiffs' counsel prior to filing the present motion. Defendants argue "[t]he exchange of emails appended to [defendants'] motion as exhibits, certainly constitutes the necessary attempts at concurrence, even if [d]efendants' motion lacks a statement of concurrence pursuant to the above-cited rule." (Dkt. 56 at

3.) The email traffic details a dispute regarding the timing of the receipt of the letter alerting plaintiffs' counsel of the possibility that Dr. Glowacki had relocated to Poland (Dkt. 54-7), multiple offers from plaintiffs' counsel to delay moving for a default judgment and/or set aside the defaults (*Id.* at 2, 3, 4, 6) and multiple indications from defendants' counsel that he anticipated preparing and filing an answer to the complaint. (*Id.* at 3, 5.) There is no mention of defendants' intent to file a motion to dismiss for improper service. It is clear, however, that plaintiffs believed they had successfully served defendants (Dkt. 54-7 at 6) and were anticipating moving forward with the suit on the merits. (*Id.* at 2.) In the interest of judicial efficiency, the Court will not strike the motion under Rule 7.1 and will adjudicate the fully-briefed dispute regarding the service of process.

At issue in this case is whether the service of process to Dorotka Zielinski, Dr. Glowacki's niece, at her home in Manalapan, New Jersey, was sufficient to effectuate service under Fed. R. Civ. P. 4(e) – specifically, whether service was made "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." It is undisputed that Zielinski is of suitable age and that

11

she resides at the home at which process was served. The sole question is whether the New Jersey residence qualifies as Dr. Glowacki's "dwelling or usual place of abode."

Plaintiffs contend that, after multiple unsuccessful attempts to serve Dr. Glowacki at a residence in Grosse Pointe, Michigan, "diligent searches identified an alternate address for Glowacki" in Manalapan, New Jersey. (Dkt. 54-2 at 4.) Plaintiffs hired a bilingual process server to serve the documents, and, after a "full[] and substantive[]" conversation with Zielinski, the process server left the required documents with her. (Dkt. 54-3 at 4.) Defendants contend that Zielinski told the process server that Dr. Glowacki had moved in late September, 2017 to Warsaw, Poland and that he had never resided with her in Manalapan. (Dkt. 43-1.) In his affidavit, the process server stated he was "well aware of the statutes and court rules affecting proper service" and that he "would have noted if Zielinski had said that Glowacki moved to Poland, because [he] would have known at that point service would have been improper." (*Id.*)

Defendants assert, but provide no evidence, that following the death of his wife[6] Dr. Glowacki retired from medical practice, closed his practice, and relocated his residence to Warsaw, Poland. But plaintiffs submitted records that call into question some of defendants' assertions. First, plaintiffs submitted documentation from LARA indicating that Glowacki incorporated a new medical practice – New Horizon Pain Management, P.C., – on July 14, 2017.[7] Second, it is undisputed that no certificate of dissolution was filed for Stefan Glowacki, M.D., P.C., and that 42730 Van Dyke Avenue, Suite 107, Sterling Heights, Michigan 48314 is the address on file with LARA for the corporation. (Dkt. 43-1 at 2.) Finally, plaintiffs submitted the results of their skiptrace, which indicated that beginning in September 2017 and continuing through the date of the search (March 5, 2018), the best address at which to send mail to Glowacki was 592 Craig Road in Manalapan, New Jersey. (Dkt. 54-2 at 9.)

---

[6] Defendants' motion states that Glowacki's wife died on April 1, 2017. (Dkt. 43 at 3.) Plaintiffs submitted a copy of her obituary, which indicates she died on March 1, 2017. (Dkt. 54-10 at 2.)

[7] In the articles of incorporation, Glowacki is listed as the resident agent of the new corporation. (Dkt. 54-11 at 3.) He incorporated the business with Kristal Tooma, the daughter of Mukhlis Tooma and Lolo Tooma, two of the co-defendants in the present lawsuit. (*Id.* at 4, Dkt 54 at 19.)

13

In the Sixth Circuit, the rules governing service of process "should be construed liberally, to effectuate service where actual notice of suit has been received by the defendant." *Rovinski v. Rowe*, 131 F.2d 687, 689 (6th Cir. 1942). In *Rovinski*, the court upheld a finding that service was proper when it was effectuated by personally serving the defendant's mother at her home in Menominee County, Michigan. It so held over the objection of the defendant, who argued that he returned only occasionally to visit her, and – despite considering his childhood residence to be "home" – his usual place of abode and dwelling place had been continuously in Minnesota for several years. *Id.* at 687.

Defendants argue that *Rovinski* would be applicable only if Glowacki "had actual notice of the instant lawsuit at the time of their claimed service." (Dkt. 56 at 6.) There is no indication, however, in *Rovinski* that the defendant had actual notice of the lawsuit at the time his mother was served with process. The district court's reasoning – which was affirmed by the Sixth Circuit – was simply that at the time the court was considering the defendant's motion to dismiss, "actual notice of the suit has been received by the defendant." *Rovinski,* 131 F.2d at 689.

Either way, actual knowledge of a lawsuit does *not* cure a technically defective service of process. *Friedman,* 929 F.2d at 1156 (holding that service via certified mail, when the defendants did not return the acknowledgement form as required, was not proper despite defendants' actual knowledge of the suit). As defendants rightly point out in their reply, the Sixth Circuit's holding in *Rovinski* was not intended to "liberalize the rule to effectuate service, but merely to find what was a usual place of abode." (Dkt. 56 at 6.) *Rovinski* is precisely on point insofar as the Court is being called upon to determine whether Zielinski's home *is* a dwelling place or usual place of abode for Dr. Glowacki. The fact that the personal service of the summons and complaint to Zielinski at the address identified by plaintiffs' skiptrace *did* result in Glowacki receiving actual notice of the complaint is relevant to the Court's determination.

To argue that Zielinski's home should not be considered Dr. Glowacki's dwelling or place of abode, defendants claim that at the time process was served he "did *not* live in Manalapan, New Jersey, but in Grosse Pointe, Michigan."[8] (Dkt. 56 at 7 (emphasis in original).)

---

[8] Given the underlying contention that Glowacki is in Poland and therefore has not been properly served, defendants' argument is perplexing. Defendants seem to be arguing that the Court should consider the skiptrace address in New Jersey to be

15

Defendants emphasize that, at the time of service, he owned property in Michigan and registered his vehicles in Michigan. (*Id.*) Defendants also argue that "[t]here is utterly no proof he intended to move to New Jersey . . . – i.e., procurement of a New Jersey driver's license, *or his mailing address*, etc." (*Id.* (emphasis added).) The skiptrace documentation, however, is clear that – beginning in September 2017, and continuing through at least March 5, 2018 – the address in Manalapan, New Jersey is the "best address to mail" for Glowacki. (Dkt. 54-2 at 9.) There is, indeed, proof provided by plaintiffs – as defined by defendants themselves – that Glowacki had moved to New Jersey prior to the service of process.

In addition, the Court is presented with the competing affidavits of Pawelek (Dkt. 54-3) and Zielinski (Dkt 43-1). In light of the usual practices of process servers, Pawelek's affidavit – particularly his confirmation that if Zielinski stated Glowacki had moved to Poland, he never would have served the documents – is compelling.

---

unreliable not because Glowacki had moved overseas, but instead because he continued to live in Grosse Pointe, Michigan.

Given the Sixth Circuit's affirmation that rules regarding service of process, and in particular, a determination regarding a defendant's usual place of abode, should be construed liberally when actual knowledge of the suit has been received by defendant, plaintiffs have carried their burden to demonstrate that service on Zielisnki was procedurally proper in this case. Therefore, the Glowacki defendants have been properly served in accordance with Fed. R. Civ. P. 4(e).

## IV. Conclusion

Accordingly, defendants' motion to dismiss for improper service of process is DENIED. (Dkt. 43.) The defaults entered against Stefan Glowaki, M.D. (Dkt. 29) and Stefan Glowacki, M.D., P.C. (Dkt. 30) are SET ASIDE. Unless otherwise stipulated by the parties, defendants have 14 days from the entry of this order to file an answer to plaintiffs' complaint.

IT IS SO ORDERED.

Dated: June 19, 2018  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 19, 2018.

               <u>s/Shawna Burns</u>
               SHAWNA BURNS
               Case Manager